IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                                                                Criminal No. **3:14CR102**

ROBERT L. COLEY,
         Petitioner.

MEMORANDUM OPINION

Robert L. Coley, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). ("§ 2255 motion," ECF No. 80.) By Memorandum Opinion and Order entered on February 22, 2021, the Court denied the § 2255 motion. (ECF Nos. 116, 117.) Coley also filed a motion to amend and supplement the record pursuant to Rule 15 of the Federal Rules of Civil Procedure ("motion to amend," ECF No. 96), that the Court took under advisement. In his motion to amend, Coley contends that his conviction and sentence must be vacated based upon the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 97, at 7.) As discussed below, the motion to amend will be DENIED as futile.

I. PROCEDURAL HISTORY

On August 5, 2014, the grand jury indicted Coley for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) Coley initially moved to suppress. (ECF No. 15.) In denying the motion to suppress, the Court provided the following summary of the evidence:

> At approximately 2:18 a.m. on April 28, 2014, Officer J.L. Miller [of the Richmond Police Department] was on patrol when he heard a female yelling. He turned his car onto Brook[] Road where

> he noticed a female standing outside of her stopped vehicle. Officer Miller initiated what he described in his report as a traffic stop with his blue lights at the intersection of Adams Street and Brook Road. The female, who was also the driver of the vehicle, told Officer Miller that she and her boyfriend had been arguing during their night out together. She repeatedly stated that she did not need the officer's assistance. There were four male passengers still in the car at this time. While the officer talked with the female, two more patrol units, including Officer Robinson, arrived to assist . . . .
>
> The reports indicate that Officer Miller observed Coley in the backseat of the vehicle. Coley was acting nervous and avoided eye contact with the officer. Officer Robinson then told Officer Miller that he believed Coley matched the general description of a suspect from an armed robbery that occurred at 1105 St. James Street, in Gilpin Court, earlier that night. Gilpin Court is approximately one mile from the intersection of Brook Road and North Adams Street. Officer Robinson had responded to that armed robbery call. A victim had reported that the robbery suspect was wearing jeans and a white t-shirt.
>
> In the backseat between Coley and another passenger, Officer Miller believed he saw a black nylon object, which he thought to be a holster. However, no black nylon object of any kind was seized from the backseat or from any of the occupants of the vehicle.
>
> Officer Miller then ordered Coley out of the car. Officer Miller noticed that Coley kept moving his hands toward his pockets and waistband area. The officer directed Coley to stop making those movements. Officer Miller then asked Coley if he possessed a weapon; Coley denied that he did. Officer Miller then performed a pat down for officer safety. He felt what he believed to be a handgun in Coley's waistband, and shortly thereafter, Coley fled on foot and was pursued by three officers. During the ensuing chase, an officer reported that he saw Coley toss a dark object over a fence. Coley was then caught and subdued by the officers roughly three blocks away from the original traffic stop. The officers subsequently found a handgun lodged in a chain link fenced in the area where they say Coley threw the dark object.

(ECF No. 23, at 1–2 (footnote omitted).) The Court denied Coley's motion to suppress. (*Id.* at 7–8.)

At trial, the Government called Officer Miller and Officer Livengood of the Richmond Police Department, to testify about their encounter with Coley. Officer Livengood, who chased

Coley, after he fled from Officer Miller, described seeing Coley "slow[] down . . . and . . . dig into . . . the front of his pants," after which Coley made a "two-handed throwing motion." (ECF No. 74, at 143–44.) Officer Livengood saw Coley throw an "L-shaped object," that was the "size and shape of a firearm," and observed the trajectory of its flight as it left Coley's hand. (*Id.* at 144.) After Coley was apprehended, Officer Livengood and his colleagues went to the area where Livengood "saw [Coley] throw the weapon," and found the gun "stuck in a chain-link fence," "approximately seven feet in the air." (*Id.* at 146–47.) Officer Livengood testified that he was "positive," that he had seen "a gun fly from [Coley's] hands." (*Id.* at 159.)

Coley stipulated in writing that he had been convicted of a felony prior to his encounter with Officer Miller and that "his right to possess a firearm ha[d] not been restored." (ECF No. 37, at 1.) Coley also testified that he had been convicted of a felony and was "on probation for that felony" at the time Officer Miller arrested him. (ECF No. 74, at 206.) Coley testified that he was nervous when he saw the officers because he was concerned about getting a probation violation. (*Id.* at 205, 216–17.)

On November 4, 2014, the jury found Coley guilty of Possession of a Firearm by a Convicted Felon. (ECF No. 50.) On February 22, 2015, the Court entered judgment against Coley and sentenced him to 120 months of imprisonment. (ECF No. 62.)

Coley appealed. (ECF No. 64.) The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. (*Id.* at 3.) Coley subsequently filed the § 2255 motion that the Court denied on February 22, 2021. (ECF No. 116.)

3

## II. MOTION TO AMEND

### A. Rule 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading is served, a party seeking to amend the original pleading must seek either written consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted).

### B. Alleged Error under *Rehaif*

In his motion to amend (ECF No. 96), Coley contends that his conviction and sentence must be vacated based upon the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 97, at 7.) In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Government contends that because Coley did not raise the issue on direct appeal any claim under *Rehaif* would be procedurally defaulted and barred from review here. (ECF No. 106, at 3–6.) Although, this Court agrees that the claim is procedurally defaulted, the Court need not engage in that extensive analysis because the record demonstrates that Coley knew that he was a felon forbidden from possessing firearms at the time of the instant offense. Therefore, Coley's attempt to amend is futile and will be denied.

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court

4

determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[1]

At most, Coley vaguely suggests that "the decision in Rehaif affects the petitioner's conviction and sentence." (ECF No. 96, at 1.) Coley fails to provide any further factual support for his claim. However, the Court generously construes Coley to argue that the Government had to prove that he had knowledge of his prohibited status during trial, and that it did not. That suggestion is belied by the record. As discussed above, Coley stipulated in writing that he had been convicted of a felony prior to his encounter with Officer Miller and "his right to possess a

---

[1] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither. Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

5

firearm ha[d] not been restored." (ECF No. 37, at 1.)[2] Coley also testified that he had been convicted of a felony and was "on probation for that felony" at the time Officer Miller arrested him. (ECF No. 74, at 206.) Coley testified that he was nervous when he saw the officers because he was concerned about getting a probation violation. (*Id.* at 205, 216–17.) Therefore, the undisputed evidence establishes that Coley was aware of his prohibited status and the Government proved that fact at trial.

As the Court said in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *petition for cert. filed*, No. 20-5489 (U.S. Aug. 25, 2020). That is truly the case here.

Coley's *Rehaif* claim is entirely lacking in merit. Accordingly, his motion to amend (ECF No. 96) will be DENIED as futile.

---

[2] Coley had previously been convicted of Possession of Cocaine, with a resulting five-year sentence, and Attempting to Elude Police, with a second resulting five-year sentence, in 2005 in the Richmond Circuit Court; and a federal conviction of Possession of Five Grams or More of Cocaine Base, with a resulting 77-month term of imprisonment in 2005 in this Court. (ECF No. 57, at 9–10, 11.) Coley was clearly aware that he was a felon as he had been incarcerated for a period of more than a year at the time of the instant offense.

6

### III. CONCLUSION

Coley's motion to amend (ECF No. 96) will be DENIED as futile. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 21 October 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

7